Filed 6/30/23  P. v. Bustamante CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTONIO BUSTAMANTE,<br><br>    Defendant and Appellant. | F085575<br><br>(Kern Super. Ct. No. DF016679C)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant and defendant Antonio Bustamante (appellant) and two other inmates serving a sentence in the California Department of Corrections and Rehabilitation (CDCR), were charged with attempted murder and other offenses. Appellant pleaded no contest to one count of assault with a deadly weapon while confined in CDCR, for the second strike term of eight years served consecutively to the sentence he was already serving.

On appeal, his appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not filed a supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

On February 4, 2022, a complaint was filed in the Superior Court of Kern County charging appellant and codefendants Jose Lara and Juan Carlos Guardado with committing the following offenses on or about June 1, 2021: count 1, attempted murder (Pen. Code, §§ 664, 187),[1] with allegations that the offense was premeditated (§ 189) and each personally inflicted great bodily injury (§ 12022.7) and personally used an inmate-manufactured weapon (§ 12022, subd. (b)(1)); count 3, assault with a deadly weapon while confined in CDCR (§ 4501, subd. (a)), with allegations that each personally inflicted great bodily injury (§ 12022.7); count 4, assault by means of force likely to produce great bodily injury while confined in CDCR (§ 4501, subd. (b)), with allegations that each personally inflicted great bodily injury (§ 12022.7) and personally used an inmate-manufactured weapon (§ 12022, subd. (b)(1)); and count 5, possession or control

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

of an inmate-manufactured weapon while confined in CDCR (§ 4502, subd. (a)), with prior conviction allegations.[2]

**Plea and Sentence**

On September 8, 2022, appellant entered into a negotiated disposition and pleaded no contest to count 3, assault with a deadly weapon while confined in CDCR, and admitted the attached allegations and all five prior strike convictions.[3] The parties stipulated to the factual basis based on the probable cause statement and reports produced in discovery. The court advised appellant of his constitutional rights, and appellant said he understood and waived his rights. Appellant also signed an advisement and waiver of rights form.

As part of the negotiated disposition, the court stated it would grant appellant's motion to dismiss four of his five prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and appellant would be sentenced to the midterm of four years, doubled to eight years as the second strike sentence, to be served consecutively to the term he was already serving in CDCR. The court granted the People's motion to dismiss the remaining charges and allegations on condition the plea remain in effect.

On October 24, 2022, the court conducted appellant's sentencing hearing, and dismissed the great bodily injury enhancement attached to count 3, the prior serious felony conviction enhancements, and four of appellant's five prior strike convictions pursuant to *Romero*.

---

[2] In count 2, codefendant Lara was separately charged with being a prisoner serving a life sentence and committing an assault with a deadly weapon or by any means of force likely to produce great bodily injury (§ 4500).

[3] At the same hearing, codefendants Lara and Guardado entered into similar negotiated dispositions and pleaded no contest to count 3 with dismissal of prior conviction allegations, and for each to receive a second strike term of eight years.

The court sentenced appellant to the midterm of four years, doubled to eight years as the second strike term, fully consecutive to the sentence appellant was already serving in CDCR; he was not awarded any custody credits. The court imposed a restitution fine of $300 (§ 1202.4) and suspended the parole revocation fine in the same amount (§ 1202.45); a court operations assessment of $40 (§ 1465.8, subd. (a)(1)) and a court facilities assessment of $30 (Gov. Code, § 70373) were also imposed. The court found appellant did not appear disabled, and he had the ability to pay those amounts, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

On January 4, 2023, appellant's notice of appeal was filed with this court; his request for a certificate of probable cause was denied on the same day.

On May 3, 2023, this court filed an order that granted appellant's application to construe the notice of appeal to include the following language: "The grounds for appeal are sentencing issues, after admission of a probation violation, which [do] not challenge the validity of the plea or admission." This court further found that while appellant's notice of appeal was filed on January 4, 2023, the notice was timely because appellant delivered it to prison officials on December 18, 2022, which was within 60 days of the October 24, 2022, judgment.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on May 1, 2023, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.